**William BULLION, Petitioner,**

v.

**Peter BUONAIUTO, in his official capacity as Director, Oxford Project # 1, Phoenix House, New York, New York, and Cecil C. McCall, in his official capacity as Chairman, U.S. Parole Commission, and the U.S. Parole Commission, Respondents.**

**No. 81 Civ. 4664 (MJL).**

United States District Court,
S. D. New York.

Aug. 6, 1981.

John J. Pottenger, Jr., Jerome N. Frank Legal Services Organization, New Haven, Conn., for petitioner.

Leona Sharpe, Asst. U.S. Atty., New York City, for respondents.

OPINION AND ORDER

LEVAL, District Judge.

This is a petition for habeas corpus, together with a motion for preliminary injunction, brought by a prisoner at a halfway house whose "effective" parole release date was "retarded" by the Parole Commission, first by 60 days, then reduced to 30 days, upon a finding by the Institutional Disciplinary Committee, after hearing, that the petitioner had taken drugs during his furlough.

 The sole question presented is whether the procedural requirements made applicable to parole "rescission" by the Court of Appeals decision in *Drayton v. McCall*, 584 F.2d 1208 (2 Cir. 1978), are also mandatory for parole "retardation," an action of less severity which cannot exceed 60 days.* I find that they are not.

---

\* Retardation under 28 C.F.R. § 2.34 can occur for either of two reasons; first, if the prisoner is alleged to have committed a new criminal act at any time prior to the delivery of the certificate of parole; or, second, upon an IDC finding that the prisoner is in violation of institutional rules. This case deals only with the finding upon an IDC hearing. I do not consider the

Petitioner William Bullion is a federal prisoner in limited custody at Oxford Project ¶b 1, a half-way house at Phoenix House in New York, New York. On February 4, 1981, petitioner was granted an effective parole release date of July 9, 1981. In early June petitioner was informed that the reports of a routine urinalysis showed a positive result for methadone use. On notice to petitioner, a hearing was held before the Institutional Disciplinary Committee ("IDC"), at which petitioner testified. The IDC found against him despite his denial of drug use. Petitioner did not appeal. Although the IDC did not recommend any action as to his parole date, the Parole Commission ordered his parole date retarded by 60 days, pursuant to 28 C.F.R. § 2.34 (1979). During the pendency of this motion, the Parole Commission granted reconsideration and reduced the period of retardation to 30 days so that his parole will begin in four days on Monday, August 10, 1981.

In my view the differences between parole rescission and parole retardation are sufficiently significant as to justify a less elaborate procedural requirement. This is particularly true because the loss suffered by the prisoner as a result of retardation is significantly less severe than that resulting from rescission. It is also because of the brief periods involved in retardation and the short notice available to prison and parole officials where violations occur shortly before release.

Under the applicable regulations retardation cannot exceed 60 days. As interpreted by the Parole Commission even multiple instances cannot in the aggregate exceed sixty days without (in this circuit) calling for the full procedural rights required by the *Drayton* case. As the government argues, retardations of short duration for relatively minor infractions require rapidity and flexibility. To require a full Parole Commission hearing over and above the IDC hearing would either substantially delay such action** or impose an enormously costly burden on the Parole Board.

In my view the process received by petitioner in these proceedings comports with what was "due." I cannot accept plaintiff's contentions that the requirements of the *Drayton* case are applicable to parole retardation.

The motion for preliminary injunction is accordingly denied.

situation where retardation has been based only on an allegation that the prisoner has committed a new criminal act without any predicate hearing.

** The Parole Commission generally meets for hearings at 60 day intervals. (See affidavit of Commissioner Malcolm).